(No. 35362.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT TAYLOR, Plaintiff in Error.

*Opinion filed November 18, 1959.*

GERALD B. MULLIN, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of

Chicago, (FRED G. LEACH, and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Robert Taylor comes to this court on a writ of error wherein he seeks to have reversed a judgment on a burglary conviction in the criminal court of Cook County, resulting in his being sentenced to the Illinois Penitentiary for an indeterminate period of one to ten years.

The defendant was tried before the court—only the complaining witness, William Pryor, and officer Herbert Jackson were called to support the State's case. Pryor testified that on the night of May 31, 1958, he was living in a one-room apartment in a rooming house at 1036 East 47th Street; that he went to bed about 10 o'clock the night of May 30, the door being locked and window barred; that at 2:00 A.M. the following morning he was awakened, the light was on, and the defendant was standing at the foot of his bed; that the defendant had a pistol in his hand and his accomplice was taking his clothes from his closet; that he was told "to lay down and be quiet;" that he remained quiet until "they took everything out;" that five minutes later he dressed and went outside, and nearby he saw defendant talking with a girl; that immediately he called a policeman in the neighborhood who arrested defendant and found on his person a brown leather belt, a black leather belt, and a single glove, all of which Pryor positively identified as his property. On the person of defendant was found a screw driver, which very well could have been the tool used in breaking the molding and lock on Pryor's apartment. The other man apparently was not apprehended, nor was the girl called as a witness. The whereabouts of the pistol and the bulk of the stolen property is not explained. It is because of the absence of these

factors that defendant claims that the State failed to establish his guilt beyond a reasonable doubt. The defendant unsuccessfully sought to have the officer admit that he told him that he found the articles on the stairway. He did not take the stand to make this explanation or deny his involvement.

We are of the opinion that defendant received a fair trial, that his guilt was established beyond a reasonable doubt, and that the indeterminate sentence of one to ten years was extremely reasonable. The judgment is affirmed.

*Judgment affirmed.*